IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERNEST ELLINGTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) CIVIL ACTION NO: 3:05cv767 |
| HOWARD GRIGGS TRUCKING INC.; | ) |
| INTERNATIONAL PAPER COMPANY, | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 et seq., International Paper Company ("IPCo") hereby gives notice of the removal of this action from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. The grounds for removal are as follows:

1. Plaintiff filed this action on July 8, 2005 in the Circuit Court of Macon County, Alabama. The case was assigned Civil Action Number CV-05-140 and styled <u>Ernest Ellington, Jr. v. Howard Griggs Trucking Inc.; International Paper Company; and Fictitious Defendants "A", "B", and "C" that person or persons who operated the forklift that was involved in the accident which injured the Plaintiff on May 5, 2005; Fictitious Defendants "D", "E", and "F" is that person, corporation or other legal entity who contributed or caused the injury to the Plaintiff, as alleged in the complaint, whose name of said person, corporation or other legal entity is unknown and will be added when ascertained.</u>

2. IPCo was served with the Summons and Complaint by certified mail on July 12, 2005 and this Notice of Removal is timely filed.

3. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all process, pleadings and orders served upon defendant.

4. According to the Circuit Court docket sheet in this case, defendant Howard Griggs Trucking, Inc. has not been served as of this date. Fraudulently joined parties are not required to consent to and join in notices of removal. Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983); Steel Valley Auth. v. Union Switch Signal Div., 809 F. 2d 1006, 1009 (3rd Cir. 1987); Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); GMFS, L.L.C. v. Bounds, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003).

5. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of Macon County, Alabama and will be served on all parties.

### Complete Diversity

6. The complaint alleges that plaintiff was injured on May 5, 2005 while performing work for, and in the employment of, Howard Griggs Trucking ("Griggs Trucking"). Plaintiff's complaint alleges that he is a resident of Macon County, Alabama, that Griggs Trucking is an Alabama corporation "incorporated in Macon County, Alabama," and that IPCo is a foreign corporation (Complaint, ¶ ¶ 1,2,3)

7. IPCo is a New York corporation with its principal place of business in Connecticut.

8. Pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious defendants is disregarded for purposes of removal.

9. IPCo respectfully submits that Griggs Trucking has been fraudulently joined as that term is used in the cases addressing removal issues. IPCo recognizes that the burden of establishing fraudulent joinder is a heavy one. De Perez v. AT&T Co., 139 F. 3d 1368, 1380 (11th Cir. 1998)

(citing Calbaceta v. Standard Fruit Co., 883 F. 2d 1553, 1562 (11th Cir. 1989)). IPCo believes that the obvious and fatal pleading defects set out herein allow it to carry that burden.

10. The complaint, contained in Exhibit A, purports to present four causes of action.

    a. Count One is styled a workers' compensation claim against Griggs Trucking.

    b. Counts Two, Three, and Four allege that plaintiff was injured as a result of allegedly negligent and/or wanton conduct for which IPCo and the fictitious parties are allegedly jointly liable. A jury is demanded as to Counts Two, Three, and Four but not Count One.

11. On its face Count One does not present an actionable claim against Griggs Trucking. Although the complaint recites some of the background allegations for a workers' compensation claim (employment status and an injury) and the *ad damnum* clause states that "Plaintiff demands judgment against the Defendant Griggs Trucking for compensation to which Plaintiff are [sic] entitled under the Worker's Compensation laws of the State of Alabama," Count One clearly fails to satisfy the requirements for an actionable claim under the Workers' Compensation Act.

12. An injured worker does not have to file suit to receive compensation under the Workers' Compensation Act. It is only when there is "a dispute between employer and employee . . . with respect to the right to compensation" that either party may submit the "controversy" to the state circuit courts. Ala. Code § 25-5-81.

13. Ala. Code § 25-5-88 establishes the specific averments and procedures required for a valid Workers' Compensation Act complaint. Baggett v. Webb, 248 So. 2d 275 (Ala. 1971). Even though technical accuracy is not required, the complaint has to at least meet all substantial requirements and it must fully advise the defendant of both the relief sought and the grounds upon which it is based. Gilmore v. Rust Eng'r Co., 235 So. 2d 673 (Ala. 1970). Ellington's purported

workers' compensation claim against Griggs Trucking is deficient in the following respects:

- Ala. Code § 25-5-88 requires that the complaint be verified. Ellington's is not.

- Ala. Code § 25-5-88 requires that the complaint contain a full description of the injury. Ellington's does not.

- Ala. Code § 25-5-88 requires that the complaint describe the nature and extent of the injury. Ellington's does not.

- Ala. Code § 25-5-88 requires that the complaint allege "the amount of the average earnings received by the employee which would affect his compensation." Ellington's does not.

- Perhaps most importantly, Ala. Code § 25-5-88 requires that the complaint allege "such other facts as may be necessary to enable the court to determine what, if any, compensation the employee [is] . . . entitled to." There is absolutely nothing in plaintiff's complaint which would allow a court to determine what, if any, compensation plaintiff claims to be entitled to or whether there is in fact any "dispute" between the employer and employee as to the right to compensation as required for a cognizable claim under the Workers' Compensation Act.

14. Under the governing statute if, as of the time Ellington filed suit, he had received all compensation to which he was entitled, then there is no judgment to be demanded against Griggs Trucking and there is no "dispute." The complaint does not allege that Griggs had failed to pay Ellington any compensation to which he is currently entitled.

15. The absence of the allegations required by Ala. Code § 25-5-88 indicates that plaintiff has no current intent to obtain a judgment against Griggs Trucking (and/or that Alabama law would not permit on a judgment on the facts alleged). The Workers' Compensation Act is unambiguous in its strict pleading requirements. If plaintiff, through experienced and respected counsel, has not presented the required allegations for a workers' compensation claim, it is presumably because no

dispute exists and no judgment is actually sought. Whatever the subjective or strategic motives of plaintiff, the simple facts are that no claim for compensation under the Workers' Compensation Act is actually made in the complaint, no trial court could enter judgment against Griggs Trucking based on the complaint, and no judgment is sought against Griggs Trucking. Because there is no current claim for compensation against Griggs Trucking, defendant submits that Griggs Trucking should be deemed to have been joined as a defendant in this litigation in constructive or actual bad faith.[1]

16.     In reviewing factual allegations for fraudulent joinder when there has not been a full opportunity for discovery, this court has held that Fed. R. Civ. P. 11 provides the threshold standard for determining whether plaintiff has truly asserted a claim for relief against a party, as opposed to having fraudulently joined the party to defeat diversity. Pensinger v. State Farm Fire and Cas. Co., 347 F. Supp. 2d 1101, n. 4 (M.D. Ala. 2003); Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150, 1153 ( M.D. Ala. 1999); Sellers v. Foremost Ins. Co., 924 F. Supp. 1116, 1118 (M.D. Ala. 1996). This is not a situation in which plaintiff would need discovery to assert or establish the missing elements of his claim. The omission of those elements is fatal to his purported claims under the Workers' Compensation Act. This does not appear to be a situation where the factual allegations violate either Ala. R. Civ. P. 11 or Fed. R. Civ. P. 11. However, it is respectfully submitted that a comparison of Ala. Code § 25-5-88 with the complaint shows that under Alabama law, no actual claim for a workers' compensation judgment against Griggs Trucking has been made, and therefore the conclusion necessarily follows that Griggs Trucking was fraudulently joined.

---

[1] Whether the bad faith is actual or constructive makes no difference. In the fraudulent joinder context, "knowledge may be imputed where one willfully closes his eyes to information within his reach." Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907) (discussed in David Siegely, *Commentary on 1988 Revision of Section 1446*, 28 U.S.C.A. § 1446).

17.   "The fraudulent joinder test -- whether a cause of action exists against the resident defendant -- is nothing more than a rough proxy" for the issue of whether that defendant was joined with the intent to defeat jurisdiction. ["T]the test obviates the need to look at the actual motive." Wright, at 1154.

18.   The Eleventh Circuit has recognized that joinder is fraudulent if: (1) there is no possibility that the plaintiff can prove a cause of action against a resident defendant, or (2) there has been outright fraud by the plaintiff in pleading jurisdictional facts, or (3) a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claims have no real connection to each other; Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11 Cir. 1998); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360, n.17 (11th Cir. 1996); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983).

19.   When "on the facts involved" there is no "reasonable basis for predicting that state might impose liability" there is fraudulent joinder. Crowe v. Coleman, 113 F. 3d 1536, 1542 (11th Cir. 1997); Anderson v. Allstate Life Ins. Co., 2001 WL 228057 (S.D. Ala. 2001).

20.   The right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron Steel Company, 257 U.S. 92, 97 (1921) (citing Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185-186 (1907)).

21.   "The citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction." Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150, 1152 (M.D. Ala. 1999).

22.   Removal of an action to federal court is permitted when there is diversity of citizenship among parties who are "properly joined." 28 U.S.C. § 1441. Removal of this action is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332.

### Amount In Controversy

23.   The amount in controversy requirement is met. Plaintiff failed to specify an amount of damages and, therefore, IPCo "must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." Pensinger, at 1107. The complaint alleges that plaintiff was "crushed" by a forklift and that his damages include "serious physical injuries to his person and body," "mental anguish and emotional distress," "physical impairment and disability," "lost wages," "medical expenses," and "great pain and suffering" which will continue into the future. (Complaint, ¶ 10, 19). Because the complaint does not comply with Ala. Code § 25-5-88, IPCo is not aware of exactly what the specific alleged injuries and damages are. Obviously, if true, being "crushed" by a forklift could be quite painful and compensatory damages for the injuries and associated pain would likely exceed $75,000. It has been often said that compensatory damages for pain and mental suffering have no fixed standard and the reported opinions bear that out. Even injuries to a single finger have resulted in compensatory awards exceeding $75,000. See Hobart Corp. v. Scoggins, 776 So. 2d 56, 66 (Ala. 2000) ($510,000 compensatory damages awarded by jury to plaintiff who severed part of right index finger, remitted to $260,000 by trial court and affirmed where lost employment period only three months). If plaintiff contends that the amount in controversy is less than $75,000.01 and will stipulate to neither seek nor accept more than $75,000.00 then IPCo will not be able to meet its burden of establishing the requisite amount in

controversy. If plaintiff will not so stipulate, IPCo can provide evidence of awards in comparable factual circumstances after plaintiff describes the damages alleged.

24. 28 U.S.C. § 1446(b) requires only that a notice of removal contain "a short and plain statement of the grounds for removal." That statute does not provide for an evidentiary submission with the Notice of Removal. 28 U.S.C. § 1446(c)(5) does provide for evidentiary hearings by subsequent court order. If plaintiff contests that $75,000 is in controversy or if this Court believes the issue requires a further evidentiary showing, IPCo asks that limited discovery be permitted on that issue. Because of privacy statutes, IPCo currently has no avenue outside of legal discovery to find out the exact nature of plaintiff's claimed physical injuries.

## Conclusion

For the reasons stated, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

_____
Sandy G. Robinson, ROBIS5756
Ian D. Rosenthal, ROSEI6905
Attorneys for Defendant International Paper Co.

OF COUNSEL:

**CABANISS, JOHNSTON, GARDNER DUMAS & O'NEAL LLP**
63 So. Royal Street, Suite 700
P.O. Box 2906
Mobile, Alabama 36652
Phone: (251) 415-7300
Facsimile: (251) 415-7350
E-Mail: sgr@cabaniss.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing by placing the same in the United States mail, first class postage prepaid and properly addressed to:

>Fred D. Gray, Esquire
>Stanley F. Gray, Esquire
>GRAY, LANGFORD, SAPP, McGOWAN,
> GRAY & NATHANSON
>Post Office Box 8320239
>Tuskegee, Alabama 36083-0239

>Howard Griggs Trucking, Inc.
>6611 US Hwy 80E
>Tuskegee, Alabama 36083

This 10th day of August, 2005.

_____
OF COUNSEL