IN THE UNITED STATES DISTRICT COURT FOR THE RECEIVED
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2005 AUG 11  A 11· 04

| | |
|---|---|
| ERNEST ELLINGTON, JR.,          ) | |
| )                                | |
| Plaintiff,               ) | |
| vs.                             ) | |
| )                                | CIVIL ACTION NO: 3:05cv 767 |
| HOWARD GRIGGS TRUCKING INC.;     ) | |
| INTERNATIONAL PAPER COMPANY,   ) | |
| ET AL.,                          ) | |
| )                                | |
| Defendants.              ) | |

## ANSWER OF INTERNATIONAL PAPER COMPANY

Defendant International Paper Company ("IPCo") answers plaintiff's complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The complaint of plaintiff fails to state claim against this defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

It is denied that this action arises under the workers' compensation laws of the State of Alabama.

### THIRD AFFIRMATIVE DEFENSE

In response to the specific allegations of plaintiff's complaint IPCo says as follows:

1.     Upon information and belief, admitted.

2.     Upon information and belief, admitted.

3.     It is admitted that IPCo is incorporated under the laws of a state other than Alabama; otherwise, denied.

4-5.    The allegations of these paragraphs do not appear to require any response by this defendant. To the extent a response might be required:  denied.

## STATEMENT OF FACTS

6.    IPCo incorporates by reference its responses to the allegations of paragraphs 1 - 5.

7.    Upon information and belief, admitted.

8.    Admitted.

9.    Admitted that IPCo used a forklift to move loads which plaintiff was involved in transporting and that the forklift and plaintiff made contact.  All other allegations are denied.

10.    Denied, except it is admitted that the plaintiff was injured.

## COUNT ONE (WORKERS' COMPENSATION)

11-14.  The allegations of paragraphs 11-14 are not directed against this defendant and, therefore, no response is required of IPCo.  To the extent any response is required:  denied.  IPCo further says that Count One fails to state a claim under the Workers' Compensation Act of Alabama.

## COUNT TWO (NEGLIGENCE / WANTONNESS)

15.    IPCo incorporates by reference its responses to the allegations of paragraphs 1 - 14.

16-19. Denied.

## COUNT THREE

20.    IPCo incorporates by reference its responses to the allegations of paragraphs 1 - 19.

21-23. Denied.

2

## COUNT FOUR

24.    IPCo incorporates by reference its responses to the allegations of paragraphs 1 -

23.

25-26. Denied.

## FOURTH AFFIRMATIVE DEFENSE

Venue is not proper in the Circuit Court of Macon County, Georgia although venue is

proper in the United States District Court for the Middle District of Alabama, Eastern Division.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against this defendant by contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against this defendant because he assumed the risk of the

injury of which he now complains.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his claimed damages.

## EIGHTH AFFIRMATIVE DEFENSE

No acts of, or attributable to, IPCo were the proximate cause of plaintiff's injuries.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not averred and cannot prove the prerequisites for any recovery of punitive

damages pursuant to statutory or common law.

## TENTH AFFIRMATIVE DEFENSE

An award of punitive damages under existing Alabama law would violate the

rights of defendants secured by the Fifth, Seventh, and Fourteenth Amendments of the

3

Constitution of the United States and Article I, Sections 1, 6, and 11 of the Constitution of the State of Alabama in the following separate and several respects:

(a)    The existing procedures fail to provide a limit on the amount of the award against defendant in violation of the defendant's rights to procedural and substantive due process.

(b)    The existing procedures fail to provide specific standards for the award of punitive damages.

(c)    The existing procedures fail to provide specific standards for the amount of the award of punitive damages.

(d)    The existing procedures permit multiple awards of punitive damages for the same alleged act.

(e)    The existing procedures fail to provide a clear and consistent appellate standard of review for an award of punitive damages.

(f)    There is no requirement of any appropriate relationship between plaintiff's actual injury and the amount of punitive damages.

(g)    An award of punitive damages as claimed would violate the defendant's right to substantive and procedural due process.

(h)    The procedures and standards pursuant to which plaintiff's demand for punitive damages would be adjudicated are unconstitutionally vague.

(i)    The existing procedures allow the imposition of vastly different penalties for the same or similar acts.

(j)    The existing Alabama practice which allows the award of punitive damages against multiple defendants without an apportionment of damages based upon the

4

culpability of each defendant deprives the defendants of procedural and substantive due process

of law and deprives the defendant of equal protection of the law.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's punitive damages claims are subject to the limitation set forth in <u>Ala</u>.

<u>Code</u> § 6-11-21.


_____

Sandy G. Robinson, ROBIS5756
Ian D. Rosenthal, ROSE16905
Attorneys for Defendant International Paper Co.


OF COUNSEL:

**CABANISS, JOHNSTON, GARDNER
DUMAS & O'NEAL LLP**
63 So. Royal Street, Suite 700
P.O. Box 2906
Mobile, Alabama  36652
Phone:  (251) 415-7300
Facsimile:  (251) 415-7350
E-Mail:  sgr@cabaniss.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing by placing the same in the United States mail, first class postage prepaid and properly addressed to:

Fred D. Gray, Esquire
Stanley F. Gray, Esquire
GRAY, LANGFORD, SAPP, McGOWAN,
 GRAY & NATHANSON
Post Office Box 8320239
Tuskegee, Alabama  36083-0239

Howard Griggs Trucking, Inc.
6611 US Hwy 80E
Tuskegee, Alabama  36083

This ___10th___ day of August, 2005.

OF COUNSEL

6