# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ERNEST ELLINGTON JR.,  )
                          )
        Plaintiff,         )
                          )
v.                        )    CIVIL ACTION NUMBER: 05-140
                          )    **WORKER'S COMPENSATION**
HOWARD GRIGGS TRUCKING INC. and )
INTERNATIONAL PAPER COMPANY,  )
                          )
        Defendants.       )

## ANSWER

COMES NOW the Defendant, Howard Griggs Trucking, Inc., and for answer to Count I of the Plaintiff's Complaint (worker's compensation claim) only, sets down and assigns as follows:

1. Defendant admits that the relationship of employer and employee existed between the parties as of May 5, 2005, and that both parties were subject to and governed by the Worker's Compensation Act of Alabama, as last amended.

2. Defendant admits that the Plaintiff sustained injury by accident which arose out of and in the course of the Plaintiff's employment. Defendant further admits receiving prompt notice of the Plaintiff's on the job accident.

3. Defendant denies the nature, extent and/or permanency of any injury, impairment, restriction or limitation as claimed by the Plaintiff.

4. Defendant denies the Plaintiff is entitled to payment of any benefits over and above those which have been previously paid to him, or which have been paid on his behalf.

5. Defendant generally denies that the Plaintiff is entitled to the relief sought in this action.

6. Defendant claims as a credit against any benefits which may be awarded to the Plaintiff, or which the Plaintiff may be entitled to recover in this matter, and additionally, seeks reimbursement of all sums paid to the Plaintiff, or on the Plaintiff's behalf, to the extent that the Plaintiff makes any recovery against any third party tortfeasor.

7.    Any allegation contained within the Plaintiff's Complaint not specifically admitted herein is denied.

8.    Defendant reserves the right to amend this Answer as discovery proceeds.


DAVID M. WILSON (WIL134)
Attorney for Defendant

**Of Counsel:**

Wilson & Berryhill, P.C.
1475 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 252-4441

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all Counsel of Record in this cause by placing a copy of same, properly addressed and postage paid, in the U. S. Mail on this the _11th_ Day of _August_, 2005.

Stanley F. Gray, Esq.
Gray, Langford, Sapp,
McGowan, Gray & Nathanson
108 Eastside Drive
P.O. Box 830239
Tuskeegee, Alabama 36083

Sandy G. Robinson, Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal
700 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

David Wilson/JB

Of Counsel

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ERNEST ELLINGTON JR.,      )
                                )
        Plaintiff,        )
                                )
v.                           )    CIVIL ACTION NUMBER: 05-140
                                )    **WORKER'S COMPENSATION**
HOWARD GRIGGS TRUCKING INC. and)
INTERNATIONAL PAPER COMPANY,  )
                                )
        Defendants.     )

## MOTION TO SEVER COUNTS AND
## FOR SEPARATE TRIALS

COMES NOW the Defendant, Howard Griggs Trucking, Inc., and moves the Court to enter an Order, pursuant to Rule 42, A.R.C.P., severing the claims asserted in the Complaint, and ordering separate trials thereon. As grounds for said motion, Defendant sets down and assigns as follows:

1.    The Plaintiff sustained an on the job injury while working for the Defendant, Howard Griggs Trucking, Inc. Plaintiff has filed a Complaint asserting a claim for worker's compensation benefits against his employer. Plaintiff has also asserted a claim, under separate counts for negligence, wantonness, negligent entrustment, etc., against International Paper Company.

2.    The two claims made are separate, and distinct, require different evidentiary proof, etc. The Plaintiff has demanded a trial by jury as to the tort claims. The worker's compensation case is to be tried non-jury.

3.    Trial of the cases together would result in confusion for the jury and ultimately, prejudice to the Defendant.

Respectfully submitted,

DAVID M. WILSON (WIL134)
Attorney for Defendant

**Of Counsel:**

Wilson & Berryhill, P.C.
1475 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 252-4441

## ORAL ARGUMENT IS NOT REQUESTED

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading has been served upon all Counsel of Record in this cause by placing a copy of same, properly addressed and postage paid, in the U. S. Mail on this the ___11th___ day of ___August___, 2005.

Stanley F. Gray, Esq.
Gray, Langford, Sapp,
McGowan, Gray & Nathanson
108 Eastside Drive
P.O. Box 830239
Tuskeegee, Alabama 36083

Sandy G. Robinson, Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal
700 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

___Of Counsel___

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ERNEST ELLINGTON JR.,    )
            )
    Plaintiff,    )
            )
v.           )  CIVIL ACTION NUMBER: 05-140
            )  **WORKER'S COMPENSATION**
HOWARD GRIGGS TRUCKING INC. and)
INTERNATIONAL PAPER COMPANY, )
            )
    Defendants.   )

## NOTICE TO CLERK OF THE CIRCUIT COURT

   Take notice that the undersigned, has this date, served on counsel for all parties the following:

**(X)**  **Request for Production to Plaintiff**
( )  Response to Plaintiff's Request for Production
**(X)**  **Interrogatories to Plaintiff**
( )  Answers to Plaintiff's Interrogatories
( )  Notice of Intent to Serve Subpoena on
( )  Notice to Depose
( )  Other:

   Dated this the ___11th___ Day of ___August___, 2005.


           _David Wilson / JB_
           DAVID M. WILSON (WIL134)
           Attorney for Defendant

**Of Counsel:**

Wilson & Berryhill, P.C.
1475 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 252-4441

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ERNEST ELLINGTON JR.,       )
                                )
          Plaintiff,        )
                                )
v.                           )    CIVIL ACTION NUMBER: 05-140
                                )    **WORKER'S COMPENSATION**
HOWARD GRIGGS TRUCKING INC. and )
INTERNATIONAL PAPER COMPANY,  )
                                )
          Defendants.     )

## REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW the Defendant, Howard Griggs Trucking, Inc., pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and request the Plaintiff to produce the following documents or things, in the form and manner provided for in said rule.

1. Copies of Federal and State tax returns (including all W-2's, Form 1099's, schedules, etc.) for the years 2000, 2001, 2002, 2003 and 2004.

2. Copies of any narrative reports concerning the Plaintiff's injuries, disabilities, restrictions, etc. prepared by any physician or health care provider at the request of the Plaintiff or his attorney.

3. Any and all documentation which supports your allegation of the average weekly wage referred to in the Complaint filed in this matter.

4. Copies of any reports from any expert, vocational or otherwise, indicating the Plaintiff has sustained any degree of vocational disability or lost earning capacity.

5. Copies of the resume or curriculum vitae on any expert, vocational or otherwise, consulted by or on behalf of the Plaintiff concerning this matter, or whom you may call as a witness in this matter.

6. Copies of any statement taken on behalf of the Plaintiff from any employee or representative of the Defendant.

7.      Copies of any invoices, bills or statements for medical services which the Plaintiff claims the defendant is obligated to pay on Plaintiff's behalf and which has not been paid by the Defendant.

8.      Copies of all medical records in your or your attorney's possession concerning the injuries made the basis of this suit, or any records of treatment for any injury or condition prior to the occurrence made the basis of this suit.


DAVID M. WILSON (WIL134)
Attorney for Defendant


**Of Counsel:**

Wilson & Berryhill, P.C.
1475 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 252-4441

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all Counsel of Record in this cause by placing a copy of same, properly addressed and postage paid, in the U. S. Mail on this the _11ᵗʰ_ Day of _August_, 2005.

Stanley F. Gray, Esq.
Gray, Langford, Sapp,
McGowan, Gray & Nathanson
108 Eastside Drive
P.O. Box 830239
Tuskeegee, Alabama 36083

Sandy G. Robinson, Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal
700 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

_David Wilson / JB_
Of Counsel

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ERNEST ELLINGTON JR.,                )
                                      )
      Plaintiff,             )
                                      )
v.                                    )      CIVIL ACTION NUMBER: 05-140
                                      )      **WORKER'S COMPENSATION**
HOWARD GRIGGS TRUCKING INC. and)
INTERNATIONAL PAPER COMPANY,   )
                                      )
      Defendants.            )

## <u>INTERROGATORIES TO THE PLAINTIFF</u>

COMES NOW the Defendant, Howard Griggs Trucking, Inc., and pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounds the following interrogatories to the Plaintiff, to be answered in the form and manner provided in said rules, namely:

1.   State your full name, residence address, social security number and date of birth.

2.   If you are presently employed, state the name and address of your employer, job duties, average weekly wage and the date you began working for said employer.

3.   State the name and address of each employer for whom you have worked in the past ten (10) years, including in your answer the dates employed, job duties and your reason for leaving.

4.   State the name and address of each and every physician or other health care provider (including psychologists or counselors) who has treated you in the past fifteen years (including physicians who have examined, consulted or treated you for the injury made the basis of this suit), including in your answer the nature of the condition for which you sought or received treatment.

5.   State the name and address of each and every hospital in which you have sought treatment in the Emergency Room or in which you have been seen or confined for the past twenty years (including any Emergency Room visit or treatment, and hospital admission or confinement as a result of any alleged injury or condition made the basis of this suit), including in your answer the condition for which you sought or received treatment.

6.  State in your own words, with particularity and detail as to your activities at the time of the said accident, how your alleged on the job injury made the basis of this suit occurred, including in your answer the specific date, time and place at which the alleged accident took place.

7.  Identify, as specifically as possible, each and every injury (whether physical or mental) to any body part which you claim to have suffered in the accident referred to in interrogatory #6, and how such injury or condition affects your ability to work in your previous, or any, occupation.

8.  State the name and address of any witnesses to the alleged accident made the basis of this suit, and the name and job title or supervisory capacity of the person to whom the alleged accident was reported, including in your answer the date and time such accident was reported, and whether such report was made in person, by telephone or in writing.

9.  State each and every medical or medically related expense incurred as a result of the alleged injury made the basis of this suit which you claim has not been paid by the employer or its worker's compensation insurer.

10. If you are claiming that any temporary total disability as a result of the alleged accident made the basis of this suit is due and owing you, and has not been paid, state the periods for which you claim to have been temporarily and totally disabled and have not been compensated for.

11. If you claim to have lost any permanent earning capacity as a result of the alleged accident and injury made the basis of this suit, state the extent (percentage) of such lost earning capacity you claim to have lost and the name and address of any expert witness who will testify to such lost earning capacity.

12. State the name and address of each and every witness you expect to call to testify at the trial of this matter (including all physicians, medical providers, vocational experts, etc.), including in your answer the opinions of such experts, the facts upon which such experts will rely in support of their opinions, and a full and complete copy of any reports, correspondence, written memoranda or any other document containing such experts findings, conclusions or opinions.

13. If you claim that you are not able to do the same type of work that you were doing at the time of the accident, state as specifically as possible each and every activity, job requirement or act which you claim you cannot presently do or perform on a sustained basis, and the physical or mental condition that limits you with regard to same.

14. Have you ever suffered an on the job injury in the past for which you sought or received medical treatment or from which you lost time (1 day or more) from your job? If so, state:

    (a)    Name of employer at the time of said injury;

    (b)    Date of accident or injury;

    (c)    Part of body affected by such accident or injury;

    (d)    Whether a claim was filed, or whether you received any worker's compensation benefits (including payment of medical or rehabilitation benefits);

    (e)    The name and address of any physicians who treated you for this injury or any hospitals at which you sought or received treatment.

15. Have you ever been a plaintiff or defendant in any sort of lawsuit (including a suit for Worker's Compensation Benefits) in the past? If so, state:

    (a)    The style of the case;

    (b)    The nature or subject of the lawsuit;

    (c)    The County and State in which the lawsuit was filed;

    (d)    The outcome (i.e., whether settled or tried, and the sum received by settlement or judgment) of said lawsuit.

16. State the average weekly wage you claim to have received for the fifty-two (52) weeks preceding the alleged injury made the basis of this suit, and the method by which you calculated such wage. If not employed for a full fifty-two (52) weeks prior to said occasion, state your allegation of average weekly wage for said period of employment and your method of calculation of same.

17. If you have applied for any disability benefits through the Social Security Administration or other source of disability benefits, state the date of such application, the location of the Social Security office where you applied, and whether any determination of eligibility has been made (whether favorable or unfavorable).

18. If you have been arrested or convicted of any offense other than minor traffic violations within the last twenty years, state in detail the offense for which you were arrested or convicted, the state and county in which said arrest or conviction occurred, and the disposition of same.

19. List the names and addresses of any witnesses who have knowledge of the incident or resulting condition made the basis of this suit, including in your answer a short synopsis or summary of such witnesses' knowledge or expected testimony concerning same.

20.    If you had consumed any alcoholic beverages, narcotics or other prescription medications in the twenty-four (24) hours preceding the alleged accident made the basis of this suit, state:

    (a)    The substance consumed;
    (b)    The amount of such consumption;
    (c)    The time and date of such consumption.

21.    Are you aware that you are answering these interrogatories under oath, and that these answers are your sworn answers, to be true and correct, and may be used as evidence at the trial of this cause?

22.    Are you further aware, through your attorney or any other source, that the Alabama Rules of Civil Procedure require timely supplementation or amendment of these answers in the event information becomes known or available to you, within a reasonable time of such knowledge or information?

DAVID M. WILSON (WIL134)
Attorney for Defendant

**Of Counsel:**

Wilson & Berryhill, P.C.
1475 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 252-4441

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading has been served upon all Counsel of Record in this cause by placing a copy of same, properly addressed and postage paid, in the U. S. Mail on this the ___11th___ Day of ___August___, 2005.

Stanley F. Gray, Esq.
Gray, Langford, Sapp,
McGowan, Gray & Nathanson
108 Eastside Drive
P.O. Box 830239
Tuskeegee, Alabama 36083

Sandy G. Robinson, Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal
700 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

_____
Of Counsel