IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERNEST ELLINGTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOWARD GRIGGS TRUCKING INC.; INTERNATIONAL PAPER COMPANY; and FICTITOUS DEFENDANTS "A", "B" and "C", that person or persons who operated the forklift that was involved in the accident which injured the Plaintiff on May 5, 2005; Fictitious Defendants "D", "E" and "F" is that person, corporation or other legal entity who contributed or caused the injury to the Plaintiff, as alleged in the complaint, whose name of said person, corporation or other legal entity is unknown and will be added when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Comes now Plaintiff Ernest Ellington, Jr., by and through his undersigned counsel and files this amended complaint and alleges the following:

This action arises under the worker's compensation laws of the State of Alabama, Alabama Code Section 25-5-1, et seg. (1975).

### Statement of Parties

1. Plaintiff Ernest Ellington, Jr. is a resident of Macon County, Alabama, and is over the age of nineteen years.

2. Defendant Howard Griggs Trucking, Inc. (hereinafter referred to as "Griggs Trucking") , is an Alabama corporation, incorporated in Macon County, Alabama and all times

material was doing business in Macon County. Griggs Trucking is the employer of Ernest Ellington, Jr.

3. Defendant International Paper Company, (herein referred to as International Paper) is a foreign corporation, and at all times material, doing business by agent in Macon County, Alabama.

4. Fictitious Defendants "A", "B" and "C" is that person, persons or entity, who operated the forklift that was involved in the accident which injured the Plaintiff on May 5, 2005, whose name is unknown and will be added when ascertained. At all times material to the complaint Fictitious Defendants "A", "B", "C" was acting as an employee and/or agent of Defendant International Paper.

5. Fictitious Defendants "D", "E", and "F" is that person, corporation or other legal entity who contributed or caused the injury to the Plaintiff as alleged in the complaint. The name of said person, corporation or other legal entity is unknown and will be added when ascertained.

## Statement of Facts

6. Plaintiff realleges the allegations contained in paragraphs 1 through 5 as if they were set out here in full.

7. On or about May 5, 2005 in Lee County, Alabama, Ernest Ellington, Jr. was performing his duty as a work person or employee of Defendant Griggs Trucking and was engaged in the actual performance of the duties of his employment with Defendant Griggs Trucking. Plaintiff is employed with Griggs Trucking, as a truck driver.

8. Plaintiff Ernest Ellington, Jr. went to pick up lumber from Defendant International Paper at its facility in Lee County, Alabama.

9. Defendants International Paper and Fictitious Defendants "A", "B", and "C", used a forklift to load the trailer of the truck driven by Plaintiff. While loading the trailer, the forklift pinned Plaintiff between the forklift and the trailer.

10. Defendants International Paper and Fictitious Defendants, "A", "B", and "C" allowed the forklift to crush Plaintiff and pin Plaintiff between the back of the Plaintiff's trailer truck and the forklift.

## **COUNT ONE**
(Worker's Compensation)

11. Plaintiff realleges paragraphs 1-10, as though they were set out here in full.

12. On or about May 5, 2005, Plaintiff Ellington was employed by Griggs Trucking and was engaged in the actual performance of the duties of his employment with Defendant Griggs Trucking.

13. As a proximate result of said accident, the Plaintiff has suffered serious physical injuries and permanent impairment to his body.

14. A controversy has arisen as to the benefits to be paid by Defendant Griggs Trucking to Plaintiff under the worker's compensation laws of the State of Alabama. Plaintiff avers that no settlement has been made between the Plaintiff and Defendant for and on account of said injury to the Plaintiff arising in the course of his employment by the Defendant.

15. Plaintiff's average weekly wage at the time of the accident was approximately $738.66. The exact average weekly wage is unknown at this time until Defendant supplies Plaintiff with a copy of the wage statement.

16. Defendant Griggs Trucking had timely and actual notice of the accident and Mr. Ellington's injuries from said accident, in the times specified by the Worker's Compensation Act.

17. Plaintiff and Defendant Griggs Trucking are subject to the Worker's Compensation laws of the State of Alabama.

Wherefore, Plaintiff demands judgment against the Defendant Griggs Trucking for compensation to which Plaintiff are entitled under the Worker's Compensation laws of the State of Alabama.

## COUNT TWO
(Negligence/Wantonness)

18. Plaintiff realleges and incorporates, by reference, the allegations contained in paragraphs 1-17, as though they were set out here in full.

19. Defendant International Paper, Fictitious Defendants, "A", "B" and "C" and Fictitious Defendants, "D", "E", and "F" had a duty to properly operate and maintain all equipment and machinery, including the forklift involved in this accident.

20. Defendants International Paper, Fictitious Defendants, "A", "B" and "C" and Fictitious Defendants, "D", "E", and "F" had a duty to maintain proper attention and lookout while operating the forklift.

21. Defendant International Paper, Fictitious Defendants, "A", "B" and "C" and Fictitious Defendants, "D", "E", and "F" breached their duty to the Plaintiff. Defendants negligently and/or wantonly operated the forklift.

22. As a direct result of Defendants' negligence/wantonness, the Plaintiff has suffered the following damages:

    a) Serious physical injuries to his person and body.

    b) Mental anguish and emotional distress.

    c) Physical impairment and disability.

    d) Loss wages.

  e) Expenses for hospital, physicians and medical care and will continue to incur medical expenses in the future.

  f) Great pain and suffering caused by the Defendant and will continue to do so in the future.

Wherefore, the above and other premises considered, Plaintiff demands judgment against Defendant International Paper, Fictitious Defendants, "A", "B" and "C" and Fictitious Defendants, "D", "E", and "F" in an amount which a jury shall determine for compensatory and punitive damages.

## COUNT THREE
(Negligent/Wanton Hiring/Training/Supervision)

23. Plaintiff realleges and incorporates, by reference, the allegations contained in paragraphs 1-22, as though they were set out here in full.

24. Defendant International Paper and/or one or more of the Fictitious party Defendants named and described in the caption herein, had a duty to use reasonable care in hiring, training and supervision of Fictitious Defendants, "A", "B", "C", who operated the forklift, which caused injuries to the Plaintiff as alleged herein.

25. The negligent and/or wanton actions of Fictitious Defendants, "A", "B", "C", arose out of the line and scope of his duties with Defendant International Paper, and/or one or more of the fictitious party Defendants named and described herein are vicariously liable for the actions of Fictitious Defendants, "A", "B", and "C".

26. As a direct and proximate consequence of Defendants' negligent/wanton, hiring, training and supervision, Plaintiff was caused to suffer the following injuries and damages:

  a) Serious physical injuries to his person and body.

  b) Mental anguish and emotional distress.

      c)       Physical impairment and disability.

      d)       Loss wages.

      e)       Expenses for hospital, physicians and medical care and will continue to incur medical expenses in the future.

      f)       Great pain and suffering caused by the Defendant and will continue to do so in the future.

Wherefore, Plaintiff demands judgment against Defendant International Paper, Fictitious Defendants, "A", "B", "C" and Fictitious Defendants, "D", "E", "F", in an amount which a jury may determine for compensatory and punitive damages.

## COUNT FOUR
(Negligent/Wanton Entrustment)

27.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-26, as though they were set out here in full.

28.     At all times material to this lawsuit, Fictitious Defendants "A", "B", and "C" was in charge or control of the forklift entrusted to him by Defendant International Paper and Fictitious Defendants "D", "E", and "F". Defendant International Paper and Fictitious Defendants "D", "E", and "F" negligently or wantonly entrusted said forklift to Fictitious Defendants "A", "B", and "C", prior to the accident on May 5, 2005.

29.     As a direct and proximate consequence of Defendants' negligence or wantonness, Plaintiff was caused to suffer the following injuries and damages:

      a)       Suffered serious physical injuries to his person and body.

      b)       Mental anguish and emotional distress.

      c)       Physical impairment and disability.

      d)       Loss wages.

e)    Expenses for hospital, physicians and medical expenses and will continue to incur medical expenses in the future.

f)    Great pain and suffering caused by the Defendant and will continue to do so in the future.

Wherefore, Plaintiff demands judgment against Defendants International Paper, Fictitious Defendants, "A", "B", "C" and Fictitious Defendants, "D", "E", "F", in an amount which a jury may determine for compensatory and punitive damages.

Respectfully submitted,

_____
Fred D. Gray (GRA022)

_____
Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
  Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama 36083-0239
(334) 727-4830

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

_____

STATE OF ALABAMA    )
                    )
MACON COUNTY        )

## AFFIDAVIT

Personally appeared before me, the undersigned authority in and for said County and State, __Ernest Ellington, Jr.__ who being duly sworn on oath said that he is the Plaintiff in the foregoing cause and knows that facts herein and that the same are true and correct to the best of his knowledge, belief and information.

_____
Ernest Ellington, Jr.

SWORN to and SUBSCRIBED before me on this, the __8th__ day of September 2005.

_____
NOTARY PUBLIC

My Commission Expires: 2-2-07

## CERTIFICATE OF SERVICE

I, certify that I have served a true and correct copy of the foregoing instrument upon the following via electronic mail and U. S. Mail, postage prepaid, this the 9th day of September 2005:

Sandy G. Robinson, Esq.
Ian D. Rosenthal, Esq.
Cabaniss, Johnston, Gardner
  Dumas & O'Neal, LLP
Post Office Box 2906
Mobile, Alabama  36652

David M. Wilson, Esq.
Wilson & Berryhill, PC
1475 Financial Center
505 North 20th Street
Birmingham, Alabama  35203

OF COUNSEL