## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **ERNEST ELLINGTON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO: 3:05cv767** |
| | ) | |
| **HOWARD GRIGGS TRUCKING** | ) | |
| **INC.; INTERNATIONAL PAPER** | ) | |
| **COMPANY; and FICTITOUS** | ) | |
| **DEFENDANTS "A", "B" and "C",** | ) | |
| **that person or persons who** | ) | |
| **operated the forklift that was involved in** | ) | |
| **the accident which injured the Plaintiff** | ) | |
| **on May 5, 2005; Fictitious Defendants** | ) | |
| **"D", "E" and "F" is that person,** | ) | |
| **corporation or other legal entity who** | ) | |
| **contributed or caused the injury to the** | ) | |
| **Plaintiff, as alleged in the complaint,** | ) | |
| **whose name of said person, corporation** | ) | |
| **or other legal entity is unknown and will** | ) | |
| **be added when ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### BRIEF IN SUPPORT OF MOTION TO REMAND

Comes now Plaintiff by and through his undersigned counsel and submits this brief in support of his motion to remand this matter to the Circuit Court of Macon County, Alabama. The Plaintiff asserts the following:

### I.      PROCEDURAL HISTORY

On or about July 8, 2005, the Plaintiff filed suit in the Circuit Court of Macon County, Alabama against the Defendants Howard Griggs Trucking, Inc; (herein referred to as Griggs Trucking) International Paper Company, (herein referred to as International Paper) Fictitious Defendants "A", "B", "C" and Fictitious Defendants "D", "E", "F". Defendant Griggs Trucking is an Alabama corporation, incorporated in Macon County, Alabama and was doing business in

Macon County, Alabama at all times material to the complaint. Defendant Griggs Trucking was served on or about August 10, 2005. Defendant International Paper is a foreign corporation, licensed to do business in the State of Alabama. International Paper was served on July 12, 2005.

The Plaintiff's claim against Griggs Trucking is based upon worker's compensation. Plaintiff was employed by Defendant Griggs Trucking at the time of the facts alleged in the complaint. Defendant Griggs Trucking filed an answer and a motion to sever trial in the Circuit Court of Macon County, Alabama.

The Plaintiff's claim against International Paper Company and the Fictitious Defendants is based upon negligence/wantonness, negligent or wanton hiring, training and supervision. On or about August 11, 2005, Defendant International Paper filed a notice of removal and answer with this Honorable Court. The Defendant International Paper removed this case alleging that the Plaintiff fraudulently joined Howard Griggs Trucking as a defendant for the purpose of defeating federal jurisdiction.

## II.    THIS COURT IS WITHOUT JURISIDICTION TO HEAR THIS MATTER

In order for this Court to have jurisdiction, the Defendant must establish that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. It is undisputed that; Plaintiff is a resident of Macon County, Alabama; Griggs Trucking is an Alabama corporation and International Paper is a foreign corporation. Defendant International Paper alleges Griggs Trucking was fraudulently joined by Plaintiff and that Griggs Trucking's residency should not be considered in determining whether this court has jurisdiction.

### A. FRAUDULENT JOINDER

The party seeking to remove an action based upon fraudulent joinder bears a heavy burden, and a federal court should resolve all questions of fact and controlling law in favor of Plaintiff. The Eleventh Circuit has consistently held that, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the

2

federal court must find that the joinder was proper and remand to the state court. *Barkley v. State Farm and Casualty Company* 2005 WL1587796 (S.D. Ala).

The well-established test in the Eleventh Circuit for determining whether a defendant has been fraudulently joined: the removing party must show either: 1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, 2) that the plaintiff fraudulently pleaded jurisdictional facts, or 3) where adverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the non-diverse defendant. *Banks v. Paulk and Cope, Inc.*, 176 F. Supp 2d 1270 (M.D. 2001).

The Defendant International Paper apparently allege that based upon the "alleged defects" in the Plaintiff's worker's compensation complaint, that the Plaintiff is not able to establish a cause of action against Griggs Trucking. The Defendant alleges: that because the complaint against Griggs Trucking is not verified, the Plaintiff didn't allege his average weekly compensation and has not alleged certain facts concerning his injury, then, the joinder of Griggs Trucking must be fraudulent.

Rule 8 of the Alabama Rules of Civil Procedure provides that a pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks. Allegations of a complaint in a worker's compensation case should be accorded a liberal construction leading to the resolution of all reasonable doubts in favor of employee. *Gilmore v. Rust Engineering Co.*, 28 Ala. 46, 265 So. 2d 591 (Ala. 1972). The Plaintiff's complaint alleges sufficient information to put Defendant Griggs on notice of his worker's compensation claim. This is further evidenced by the fact that Griggs Trucking answered the complaint, denied several allegations in the complaint and filed a motion to sever the trials in the Circuit Court of Macon County, Alabama. International Paper does not provide any case law to support its position that the alleged deficiencies in Plaintiff's worker's compensation complaint are tantament to a fraudulent joinder of Defendant Griggs Trucking. The Defendant's independent

conclusion that, since certain items were allegedly deficient in the worker's compensation complaint, the complaint must be the result of a fraudulent joinder, is not sufficient to meet its burden.

Although the Plaintiff contends he has sufficiently alleged a cause of action against Defendant Howard Griggs, Plaintiff has sought leave to amend his complaint to clarify and provide further detail of his claim against Griggs Trucking. In *Davis v. General Motors Corporation*, 353 F. Supp. 2d 1203 (M. D. 2005), the District Court allowed Plaintiffs to amend their complaint after removal to clarify their claims against an instate defendant. In *Davis*, the Plaintiff filed suit against General Motors Corporation, Cadillac Motors Company and an individual, Eric Paul Lee. The lawsuit stems from an accident that occurred where Lee was operating a Cadillac Escalade, lost control of the vehicle, and the vehicle rolled over causing injury to one plaintiff and death to another. In the plaintiffs' complaint, the plaintiffs named all three defendants, but failed to make factual allegations against Defendant Lee, who was an in-state defendant. General Motors removed the case to federal court, alleging Defendant Lee was fraudulently joined. After removal, Plaintiff petitioned to amend their complaint and alleged a cause of action against Lee. Plaintiffs' claim against Lee was merely omitted from the original complaint. The Court allowed the amendment to the complaint and stated: "This Court is satisfied that the aim of Plaintiffs' amendment was directed more toward the inclusion of proper claims against Lee, who is an existing non-diverse defendant..."

In the case at bar, the Plaintiff seeks to amend the complaint to further allege facts in the worker's compensation case against Griggs Trucking, which is an existing non-diverse defendant. The Plaintiff does not allege new or different theories of liability against Griggs Trucking. The original complaint and the amended complaint allege sufficient facts against Griggs Trucking. Nothing in the complaint or amended complaint suggests that Griggs Trucking was fraudulently joined.

4

Defendant International Paper has failed to establish that Plaintiff fraudulently joined Defendant Griggs Trucking.

## B.    AMOUNT IN CONTROVERSY

Even if the removing Defendant was to prevail on their assertion that the citizenship of Griggs Trucking is to be disregarded by this Court, Defendant must also prove that the jurisdictional threshold required to invoke this Court's jurisdiction has been met. The removing Defendant has failed to carry their burden of showing the requisite amount in controversy is at issue in this case, and this is a separate reason this case should be remanded.

On the face of the complaint, no specific dollar amount is requested in damages by the Plaintiff. The Eleventh Circuit has held that "where the plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000.00] jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1359-60 (11th Cir. 1996). The removing Defendant has failed to meet this burden.

In the notice of removal, International Paper relies on *Hobart Corp v. Scoggins*, 776 So. 2d 56 (Ala 2000) to support its contention that the amount in controversy, in this case, exceeds $75,000. International Paper also asserts; "obviously, if true being 'crushed' by a forklift could be quite painful and compensatory damages for the injuries and associated pain would likely exceed $75,000.00".

The *Hobart Corp* case is distinguishable from the case at bar. In *Hobart Corp*, the Plaintiff was employed as a meat cutter, and severed his right index finger while using a meat saw manufactured by Hobart. The plaintiff sued defendant under the Alabama Extended Manufacturer Liability Doctrine for wanton design, manufacture and failure to warn. In the case at bar, the legal

theories of liability are based upon worker's compensation, negligence,/wantonness and negligent/wanton hiring and supervising.

The removing Defendant has not cited any cases involving facts or legal claims similar to those presented in this case, therefore, they have totally failed to satisfy their burden. See, *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, (M.D. Ala 1995), ("in determining whether jurisdictional level has been met, the court should look for guidance to decisions rendered in cases on the same type suit.").

### III.    CONCLUSION

Plaintiff's motion to remand is due to be granted for the following reason: 1) This Court does not have diversity jurisdiction over this matter; because Defendant has sustained its burden that Plaintiff fraudulently joined Griggs Trucking, 2) The Defendant has not sustained its burden of proving that the amount in controversy exceeds $75,000.

Wherefore, the above and other premises considered, Plaintiff requests this Court to grant his motion to remand this case to the Circuit Court of Macon County, Alabama.

Respectfully submitted,

Fred D. Gray (GRA022)

Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
   Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830

## CERTIFICATE OF SERVICE

I, certify that I have served a true and correct copy of the foregoing instrument upon the following via electronic mail and U. S. Mail, postage prepaid, this the 9th day of September 2005:

Sandy G. Robinson, Esq.
Ian D. Rosenthal, Esq.
Cabaniss, Johnston, Gardner
  Dumas & O'Neal, LLP
Post Office Box 2906
Mobile, Alabama  36652

David M. Wilson, Esq.
Wilson & Berryhill, PC
1475 Financial Center
505 North 20th Street
Birmingham, Alabama  35203

**OF COUNSEL**

7