```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF ALABAMA
                       EASTERN DIVISION
```

| | |
|---|---|
| **ERNEST ELLINGTON, JR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: 3:05cv767 |
| | ) |
| **HOWARD GRIGGS TRUCKING INC.;** | ) |
| **INTERNATIONAL PAPER COMPANY, ET** | ) |
| **AL.,** | ) |
| | ) |
|     **Defendants.** | |

### BRIEF IN OPPOSITION TO MOTION TO REMAND

International Paper Company ("IPCo") submits this brief in opposition to plaintiff's motion to remand. As discussed below plaintiff's motion is due to be denied.

**I.   Procedural Background**

Plaintiff filed this action on July 8, 2005 in the Circuit Court of Macon County, Alabama. The case was timely removed by IPCo. As required by 28 U.S.C. § 1446 IPCo's Notice of Removal set out a "short and plain" statement of the grounds for removal. Plaintiff has now filed a motion for leave to amend the complaint, proffered an amended complaint, and has sought to have this case remanded based on the amended complaint. While no valid ground has been offered for the propriety of an amended complaint (plaintiff certainly had all the same information when the complaint was filed) the amended complaint does not in any way affect this court's jurisdiction, and thus IPCo does not object to the amendment.

## II. Jurisdiction is determined based on the pleadings at the time of removal

When a case is removed, diversity jurisdiction must exist both at the time the original action is filed in state court and at the time of removal. *See,* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3723 at 571 (3d ed.1998). In this case there has been no change in the citizenship of the parties between the filing of the complaint and removal. The complaint was amended or "clarified" after removal but, as discussed in the following section, the amended complaint does not remedy the key defects in the complaint. Even if some factual basis for a judgment against Howard Griggs Trucking ("Griggs Trucking") arose after removal, however, it would not affect the analysis of diversity at the time of removal.

## III. Plaintiff's Proffered Amended Complaint Fails to Destroy Diversity Among the Parties

**A. The Amended Complaint Does Not State A Claim For An Actual Judgment Against Griggs Trucking.**

There is no dispute that if Griggs Trucking is fraudulently joined then there is complete diversity between the remaining parties (plaintiff and IPCo). The proffered amended complaint purports to present the same four causes of action as the original complaint. While the Alabama Workers' Compensation Act does not impose particularly strict pleading requirements, the few requirements it does include are designed to allow both the court and the defendant to determine what relief is being sought.

2

In its Notice of Removal, IPCo pointed out the multiple ways in which Count One of plaintiff's initial complaint failed to comply with the requirements of the Workers' Compensation Act, Ala. Code § 25-5-88. Most importantly, the original complaint omitted any allegation which would support the entry of a judgment against Griggs Trucking. A workers' compensation complaint must meet all substantial pleading requirements and it must fully advise the defendant of both the relief sought and the grounds upon which it is based. Gilmore v. Rust Eng'r Co., 235 So. 2d 673 (Ala. 1970). While plaintiff's proffered amended complaint remedies the technical pleading defects identified in IPCo's notice of removal[1], it does not remedy the substantive defect: there is no allegation that plaintiff is currently entitled to a judgment against Griggs Trucking for anything.

Ala. Code § 25-5-88 requires that the complaint contain a full description of the injury, including its nature and extent, "and such other facts as may be necessary to enable the court to determine what, if any, compensation the employee or, in case of a deceased employee, his dependents are entitled to. . . ." Ellington's original complaint contains no description of his injuries except to state that he was "pinned" between a forklift and a trailer and that defendants "allowed" the forklift to "crush" plaintiff. (Complaint, paras. 9, 10). Plaintiff's alleged damages

---

[1] Ellington's complaint was not verified and did not contain any allegation about his average wages. The proffered amended complaint remedies these defects.

3

include "serious physical injuries to the person and body." (Complaint, paras. 19(a), 23(a), 26(a)). The proffered amended complaint includes in paragraph 13 (within Count One) that plaintiff alleges that he "suffered serious physical injuries and permanent impairment to his body." That is the only additional allegation in the amended complaint regarding injuries.

Thus, the amended complaint still fails to comply with the requirement that the allegations fully describe the injuries and enable the court to determine the amount which may be due. Although plaintiff's motion for leave to amend the complaint states that he "seeks to allege further details to clarify" his claim (Motion for Leave, para. 2), in actuality he has, again, failed to present the allegations specifically required by the Workers' Compensation Act.[2]

There is absolutely nothing in plaintiff's proffered amended complaint which would allow a court to determine what, if any, compensation plaintiff claims to be entitled to. In plaintiff's motion to remand plaintiff does not even attempt to argue that the amended complaint meets this requirement. Even after IPCo highlighted this omission, plaintiff has not alleged that Griggs

---

[2] There is little point in attempting to determine why plaintiff has not complied with the pleading requirements of the Workers' Compensation Act. Plaintiff has seemingly sought to benefit from his non-compliance with the pleading requirements. Plaintiff argues in his motion to remand that IPCo has not "cited any cases involving facts or legal claims similar to those presented . . . " Because plaintiff has not pled the required factual allegations regarding his injuries, IPCo is effectively prevented from analyzing compensatory damage awards in similar claims.

4

Trucking has failed to pay him any amount that he claims is due to him (or, more pertinently, any amount allegedly due when the case was filed). Plaintiff alleges only that he has not reached any settlement with Griggs Trucking. Under the Workers' Compensation Act, however, an employer can voluntarily pay an injured employee everything he is entitled to and, therefore, avoid litigation entirely. If, as of the time Ellington filed suit, he had received all compensation to which he was entitled, then there is no judgment to be demanded against Griggs Trucking and there is no "dispute." Nothing in the complaint, or amended complaint, can be read to be an allegation that Ellington seeks to recover amounts past due from Griggs Trucking.

The absence of the allegations required by Ala. Code § 25-5-88 indicated that plaintiff has no current intent to obtain a judgment against Griggs Trucking (and/or that Alabama law would not permit a judgment on the facts alleged). The logical inference to be drawn from the continued omission of such allegations in the amended complaint (even though plaintiff asks for remand) is that there is no factual basis for allegations which would state an actual claim against Griggs Trucking. Joinder of a defendant is fraudulent where a plaintiff has no intent to recover a judgment. See Mask v. Chrysler Corp., 825 F. Supp. 285 (N.D. Ala. 1993), aff'd; 29 F. 3d 641 (11th Cir. 1994); Parks v. New York Times Col, 308 F. 2d 474 (5th Cir. 1962). There has to be "a real intention on colorable grounds to procure a joint judgment." Mask, at 288. See also

5

Parks, at 478. Ellington is the master of his complaint, and of his amended complaint, and he has now, apparently, intentionally, chosen not to allege colorable grounds for a judgment against Griggs Trucking.

### B. "Notice" of a Workers' Compensation "Claim" is Irrelevant

In plaintiff's motion to remand, plaintiff says that his complaint "alleges sufficient information to put Defendant Griggs on notice of his worker's compensation claim." The express purpose of the pleading requirements in Ala. Code § 25-5-88 is not to put an employer "on notice" of a claim for workers' compensation benefits[3] but is to make sure that the complaint includes the wage information, injury information "and such other facts as may be necessary to enable the court to determine what, if any, compensation the employee [is] entitled to under this article and Article 2 of this chapter."

### C. The Failure to Plead Colorable Grounds for a Judgment Under the Act Workers' Compensation Act is No Different Than Any Other Fraudulent Joinder.

Plaintiff complains that IPCo has not cited case-law that deficiencies in a workers' compensation complaint are tantamount to fraudulent joinder. In fact, in its Notice of Removal IPCo did cite to the relevant holdings in this circuit about what constitutes fraudulent joinder. The general principles announced

---

[3] In fact, one of the requirements of Ala. Code § 25-5-88 is that the plaintiff include in the complaint allegations concerning the

6

in those cases mandate the conclusion that plaintiff's failure to include allegations that any amounts are currently owed him establishes fraudulent joinder. Some of these cases have already been discussed in Section III A.

"The fraudulent joinder test -- whether a cause of action exists against the resident defendant -- is nothing more than a rough proxy" for the issue of whether that defendant was joined with the intent to defeat jurisdiction. "[T]he test obviates the need to look at the actual motive." Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150, 1154 (M.D. Ala. 1999). One of the ways that the Eleventh Circuit has recognized that joinder is fraudulent is if there is no possibility that the plaintiff can prove a cause of action against a resident defendant. Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11 Cir. 1998); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360, n.17 (11th Cir. 1996); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983).

When "on the facts involved" there is no "reasonable basis for predicting that state law might impose liability" there is fraudulent joinder. Crowe v. Coleman, 113 F. 3d 1536, 1542 (11th Cir. 1997); Anderson v. Allstate Life Ins. Co., 2001 WL 228057 (S.D. Ala. 2001). While the burden on the plaintiff is lighter than having to show that he could survive summary judgment, Crowe, at 1536, here the plaintiff cannot carry any burden at all. The

---

notice or knowledge of the employer about the accident.

7

complaint, and amended complaint, in this case would not, as a matter of law, survive a motion to dismiss because on the complaint before the state court, or even the amended complaint before this court, it would be impossible for a judge to determine what amount, if any, is allegedly due plaintiff from Griggs Trucking.

IPCo submits that this is a clear instance of fraudulent joinder (as that term is used by the federal courts analyzing removal -- not necessarily in the inflammatory way that the word "fraudulent" is used in other areas). Though Count One of the complaint recites that plaintiff "demands judgment," it would be impossible under state law for any judgment to be entered against Griggs Trucking based on the substance of the complaint, or the amended complaint.

### IV. Griggs Trucking's Answer Evidences This Court's Jurisdiction

Plaintiff also notes that Griggs Trucking filed an answer. The answer Griggs Trucking filed after the case was removed explicitly denies that plaintiff is entitled to benefits "over and above" those already paid. (Answer, para. 4). To the extent this pleading can be considered, it is consistent with IPCo's position that there is no record evidence that as of the time of removal plaintiff had not been paid everything he was entitled to.

### V. The Amount in Controversy Exceeds $75,000

Plaintiff also contests, in a way, whether IPCo has shown that the amount in controversy exceeds $75,000. Two preliminary comments

may be in order.  First, the procedures for a Notice of Removal do not contemplate an evidentiary submission but only require that the removing party state the grounds for removal. Absent a challenge from the plaintiff, a federal court may accept allegations in a removal notice about the amount in controversy exceeding the jurisdictional amount.  Craig v. Champlin Petroleum Co., 300 F. Supp. 119, 29) (D. Okla. 1969) (aff'd 421 F. 2d 236).  Second, plaintiff has not actually claimed that $75,000.00 is not in controversy. The proferred amended complaint, like the complaint, contains no *ad damnum* clause.  In plaintiff's motion to remand, there is no affirmative statement about what amount plaintiff contends is, in fact, in controversy and plaintiff offers no argument (or evidence) that less than $75,000.01 is, in fact, in controversy.

Assuming that plaintiff's motion to remand constitutes a challenge to IPCo's contention, IPCo now has the burden of coming forward with additional evidence and information for the court's consideration.[4]  That burden is easily met.  IPCo has offered plaintiff $75,000.00 to settle this case and plaintiff did not accept the offer.  (See Exhibits 1 and 2 attached.)

Also, in its Notice of Removal, IPCO said: "If plaintiff contends that the amount in controversy is less than $75,000.01 and will stipulate to neither seek nor accept more than $75,000.00 then IPCo will not be able to meet its burden of establishing the

---

[4] This Court could also have triggered this inquiry sua sponte.

9

requisite amount in controversy." In the face of this invitation, plaintiff has said nothing at all.

The fact that plaintiff has not accepted a $75,000.00 offer shows that more than that amount is in controversy. If the court deems this an open issue, IPCo requests discovery regarding plaintiff's injuries and claimed damages so that IPCo can submit an argument tailored to the actual facts on the amount in controversy. Out of an abundance of caution, however, IPCo cites to a string of relatively recent cases involving moderate to severe injuries. (The only alleged facts about plaintiff's damages are that he was "crushed" and that his alleged injuries are "severe.") If plaintiff contends that his actual injuries are less serious than those described in these cases, he should be required at the least to say what his alleged injuries really are.[5]

Hornady Truck Lines v. Meadows, 847 So. 2d 908 (Ala. 2002) (affirming compensatory damages awards to four individuals ranging

---

[5] Plaintiff suggests that IPCo must cite cases involving similar facts or legal claims. The measure of compensatory damages, however, does not vary. It is entirely focused on the plaintiff's personal injuries. What matters for purposes of comparing compensatory damages is what sort of injuries (physical, economic, emotional) did the plaintiff prove at trial, and what was the extent of those injuries. In contrast, since punitive damages focus on the defendant, to compare punitive damages one would look at what similarly situated defendants actually did. Here, plaintiff alleges that he has sustained severe physical injuries as well as mental anguish and emotional distress. Those vague allegations can be fairly compared to awards for severe (or even moderate) injuries. Plaintiff also seeks punitive damages but fails to say why he is entitled to them which makes a comparison of alleged punitive conduct impossible. Even on a compensatory analysis alone, this court has jurisdiction.

from $1,000,000 - $2,000,000 on theories of negligence, wantonness and negligent entrustment.  No punitive damages awarded.)

Hathcock v. Woods, 815 So. 2d 502 (Ala. 2001) (affirming compensatory awards of $200,000 and $600,000 arising from motor vehicle accident; "much" of award of $600,000 attributable to mental anguish).

Daniels v. East Alabama Paving, Inc., 740 So. 2d 1033 (Ala. 1999) (reversing remittitur and reinstating compensatory awards to motor vehicle accident victims ranging from $10,000 - $2,500,000).

Mead Coated Board, Inc. v. Dempsey, 644 So. 2d 872 (Ala. 1994) (compensatory damages award of $300,000 affirmed, compensatory award of $200,000 to spouse of injured plaintiff also affirmed).

Precise Engineering v. Lacombe, 624 So. 2d 1339 (Ala. 1993) (compensatory damages of $2,700.000 affirmed in negligence case).

Shoney's Inc. v. Pasley, 711 So. 2d 1026 (Ala. Civ. App. 1997) (compensatory damages of $75,000 to plaintiff who was served a glass of bleach in restaurant affirmed).

CSX Transport v. Long, 703 So. 2d 892 (Ala. 1996) (Compensatory award of $1,000,000 to plaintiff who sustained hearing loss remitted to $500,000).

McCann v. Lee, 679 So. 2d 658 (Ala. 1996) ($1,000,000 compensatory award affirmed to plaintiff on medical negligence claim after mis-diagnosis of cancer led to damages including surgical procedure).

Breland v. Ford, 693 So. 2d 393 (Ala. 1996) ($2,000,000 compensatory damages award affirmed even though *ad damnum* clause demanded $1,000,000 and plaintiff's counsel asked for $500,000 in closing arguments)

Werner v. Henderson, 600 So. 2d 1005 (Ala. 1992) (compensatory award of $667,037.50 affirmed on negligence claim)

## CONCLUSION

For the reasons stated, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Defendant IPCo respectfully moves the Court to deny plaintiff's motion to remand.

```
                                s/Sandy G. ROBINSON _____
                                SANDY G. ROBINSON, ROBIS5756
                                IAN D. ROSENTHAL, ROSEI6905
                                Attorneys for Defendant
                                International Paper Company
```

OF COUNSEL:

**CABANISS, JOHNSTON, GARDNER
DUMAS & O'NEAL LLP**
63 So. Royal Street, Suite 700
P.O. Box 2906
Mobile, Alabama  36652
Phone:  (251) 415-7300
Facsimile:  (251) 415-7350
E-Mail:  sgr@cabaniss.com
         idr@cabaniss.com


## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Fred (Sr.) D. Gray
> fgray@glsmgn.com
>
> Stanley Fitzgerald Gray
> sgray@glsmgn.com; graysf@aol.com
>
> Joint Chambers
> jointchambers@almd.uscourts.gov

and by placing same in the United States mail, first class postage prepaid and properly addressed as follows:

> David M. Wilson, Esquire
> WILSON & BERRYHILL, P.C.
> 1475 Financial Center
> 505 North 20th Street
> Birmingham, Alabama  35203

```
                                /s/Sandy G. Robinson_____
                                Of Counsel
```