**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| ERNEST ELLINGTON JR., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HOWARD GRIGGS TRUCKING INC. )<br>and INTERNATIONAL PAPER )<br>COMPANY, )<br>)<br>    Defendants. ) | CIVIL ACTION NO.: 3:05 CV 767-T |

**MOTION TO REMAND OR IN THE ALTERNATIVE**
**TO SEVER AND REMAND PLAINTIFF'S**
**WORKERS COMPENSATION CLAIMS**

COMES NOW Defendant, Howard Griggs Trucking, Inc. ("Howard Griggs"), and moves this Honorable Court to enter an Order, pursuant to 28 U.S.C. § 1447 (c) remanding this case in its entirety to the Circuit Court of Macon County, Alabama, or in the alternative an Order to sever and remand plaintiff's claims against Howard Griggs for workers' compensation benefits. As grounds for said motion, Defendant states as follows:

1. The Plaintiff sustained an on the job injury while working for the Defendant, Howard Griggs Trucking, Inc. and filed a Complaint in the Circuit Court of Macon County, Alabama- CV05-140, asserting a claim for worker's compensation benefits against Howard Griggs, and asserting negligence, wantonness, negligent hiring, training and supervision and negligent entrustment claims against International Paper Company. Prior to service of the lawsuit upon Defendant, Howard Griggs, on August 10, 2005, International filed a Notice of Removal in the Eastern Division of the United States District Court for the Middle District of Alabama

and the entire lawsuit was subsequently removed to this court. *See, Maseda v. Honda Motor Company, LTD.*, 861 F.2d 1248, 1250 (11th Cir. 1988)(stating, "[w]hen a removal petition is filed and proper notice is given, the *entire* case is transferred to the federal district court").

2.      Because the lawsuit contains a claim for workers' compensation benefits under Alabama law, it cannot properly be removed to federal court pursuant 28 U.S.C. § 1445 (c), which states, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Because this Court does not have subject matter jurisdiction over such claims, the lawsuit must be remanded in accordance with 28 U.S.C. §1447 (c) which states in pertinent part that, "[i]f any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See*, *New v. Sports & Recreation, Inc.*, 114 F.3d 1092 (11th Cir. 1997)(holding that the Court could not review the district court's decision to remand a workers' compensation case under 28 U.S.C. § 1445 (c) because the order was premised on a deficiency of subject matter jurisdiction.).

3.      Other U.S. District Courts in the Northern and Middle Districts of Alabama have held that when removal is based on diversity of citizenship, the entire action should be remanded when complete diversity is destroyed by the proper joinder of a defendant against whom a workers' compensation claim is asserted. *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp.2d 1270, 1277 (M.D. Ala. 2001)(holding that remand of both tort and workers' compensation claims in a diversity case was proper where the workers' compensation claims joining the employer did not constitute a fraudulent misjoinder under F.R.C.P. Rule 20. ); *Priest v. Sealift Services, International, Inc.*, 953 F. Supp. 363, 364 (N.D. Ala. 1997)(holding that

remand was proper as both the workers' compensation and tort claims because a partial remand "would make it more than possible for plaintiff to obtain duplicative recoveries.").

WHEREFORE PREMISES CONSIDERED, Defendant Howard Griggs Trucking, Inc., requests that this Honorable Court enter an Order remanding this case in its entirety to the Circuit Court of Macon County, Alabama, or in the alternative an Order to sever and remand plaintiff's claims against Howard Griggs for workers' compensation benefits.

Respectfully submitted,

//s// David M. Wilson
DAVID M. WILSON
Attorney for Defendant
Howard Griggs Trucking, Inc.

**OF COUNSEL:**
WILSON & BERRYHILL, P.C.
1475 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 252-4441

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>20th</u> day of <u>October</u>, 2005 the foregoing document was electronically served upon all counsel of record using the CM/ECF system.

Stanley F. Gray, Esq.
Gray, Langford, Sapp,
McGowan, Gray & Nathanson
108 Eastside Drive
P.O. Box 830239
Tuskeegee, Alabama 36083

Sandy G. Robinson, Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal
700 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

                                                  <u>//s// David M. Wilson</u>
                                                  Of Counsel