IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERNEST ELLINGTON, JR., )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>HOWARD GRIGGS TRUCKING INC.; )<br>INTERNATIONAL PAPER COMPANY, ET )<br>AL., )<br>)<br>    Defendants. | CIVIL ACTION NO:<br>3:05 CV 767-T |

### INTERNATIONAL PAPER COMPANY'S RESPONSE TO MOTION TO REMAND OR SEVER OF HOWARD GRIGGS TRUCKING, INC.

Comes now International Paper Company, Inc. ("IPCo") and responds as follows to the Motion to Remand or in the Alternative to Sever and Remand Plaintiff's Workers' Compensation Claims filed by Howard Griggs Trucking, Inc. ("Griggs Trucking"):

### Procedural History

1. This case was filed in the Circuit Court of Macon County, Alabama. IPCo timely filed its notice of removal of this action to this Court on August 10, 2005.

2. In its notice of removal, IPCo submitted that Griggs Trucking had been fraudulently joined because the putative claim for workers' compensation benefits against Griggs Trucking did not comply with the requirements of Ala. Code § 25-5-88. IPCo specifically contends that at the time this case was filed and

when it was removed plaintiff did not (and could not) claim a current entitlement to compensation (i.e., that all benefits due plaintiff had voluntarily been paid by Griggs Trucking) and, therefore, did not have a current intent or ability to seek a judgment against Griggs Trucking.

3. Previously filed with this Court is the Answer of Griggs Trucking which was served August 11, 2005 and which echoes the same point. Paragraph 4 of that answer states:

> Defendant denies that plaintiff is entitled to any benefits over and above those which have been previously paid to him, or which have been paid on his behalf.

4. It its most recent motion, Griggs Trucking correctly notes that 28 U.S.C. §1445(c) prohibits removal of civil actions arising under state workers' compensation laws. The critical fact here, however, is that the complaint does not actually present a civil action under Alabama's Workers' Compensation Act. The fatal pleading deficiencies are described in IPCo's prior submissions. Since Griggs Trucking has been fraudulently joined, and as plaintiff did not (and could not) intend to obtain a judgment against Griggs Trucking, there is no claim under the Workers' Compensation law and no bar to removal.

5. Griggs Trucking has alternatively moved the Court to sever the workers' compensation claim and remand that claim back to the Circuit Court of Macon County, Alabama. IPCo does not

take a position on the proper way to dispose of the claims against Griggs Trucking but, procedurally, a simpler and more consistent approach would be for this Court to dismiss the workers' compensation claim, without prejudice, because it fails to state a claim. If and when plaintiff has a claim for workers' compensation benefits which Griggs Trucking has not voluntarily paid to him, he would be free to file suit in an appropriate venue.

6. IPCo does not, however, oppose Griggs Trucking's motion to sever and remand the workers' compensation claim against Griggs Trucking (although there is no claim).

WHEREFORE, IPCo respectfully submits that Griggs Trucking's motion to remand the entire case is due to be denied.

Respectfully submitted,

s/Ian D. Rosenthal_____
**SANDY G. ROBINSON**, ROBIS5756
**IAN D. ROSENTHAL**, ROSEI6905
Attorneys for Defendant
International Paper Company

OF COUNSEL:

**CABANISS, JOHNSTON, GARDNER DUMAS & O'NEAL LLP**
63 So. Royal Street, Suite 700
P.O. Box 2906
Mobile, Alabama  36652
Phone:  (251) 415-7300
Facsimile:  (251) 415-7350
E-Mail:   sgr@cabaniss.com
          idr@cabaniss.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Fred D. Gray
    fgray@glsmgn.com

    Stanley Fitzgerald Gray
    sgray@glsmgn.com; graysf@aol.com

    Joint Chambers
    jointchambers@almd.uscourts.gov

    David M. Wilson, Esquire
    david@wilsonberryhill.com


                                        s/Ian D. Rosenthal_____
                                        Of Counsel