IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERNEST ELLINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-767-T |
| ) | |
| HOWARD GRIGGS TRUCKING INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a Motion to Remand (Doc. # 7) filed by the plaintiff, Ernest Ellington ("Ellington"), on September 9, 2005. This lawsuit was originally filed in the Circuit Court of Macon County, Alabama. Defendant International Paper Company ("International Paper") removed the case to this court on August 11, 2005, claiming that its co-defendant, Howard Griggs Trucking, Inc. ("Griggs Trucking"), was fraudulently joined. Griggs Trucking has also filed a Motion to Remand or in the Alternative to Sever and Remand Plaintiff's Workers' Compensation Claim (Doc. # 14). For the reasons explained below, the court finds that the motions to remand are due to be GRANTED, and the motion to sever is due to be DENIED.

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. Burns v. Windsor Insurance Co., 31 F.3d

1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id.

Ellington's complaint alleges four claims: (1) a workers' compensation claim against Griggs Trucking; (2) a negligence claim against International Paper; (3) a claim of negligent or wanton hiring, training or supervision against International Paper; and (4) a negligent or wanton entrustment claim against International Paper. Ellington and Griggs Trucking are both residents of Alabama; International Paper is a resident of New York and Connecticut. International Paper removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, claiming that Griggs Trucking was fraudulently joined as noted above.

In cases removed on the basis of diversity of citizenship, the court does not consider the citizenship of fraudulently joined defendants in determining the existence of jurisdiction. Defendants may demonstrate fraudulent joinder by showing that (1) there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) there has been outright fraud in the pleading of jurisdictional facts; or (3) the claim against the non-diverse defendant has no real connection to the claims against the diverse defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted). In the present case, International Paper does not suggest "outright fraud" in the pleading of jurisdictional

facts, nor doe it argue that the claim against Griggs Trucking has no connection with the claims against International Paper. Rather, International Paper argues that there is no possibility that Ellington can prove his claim against the resident defendant, Griggs Trucking.

"The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287.

In determining whether to remand a case, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted). These determinations should be "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Id.

In his complaint, Ellington claims that, while working as a truck driver for Griggs Trucking, he was injured when he went to pick up lumber from an International Paper facility. He alleges that a forklift operated by International Paper pinned him between the forklift and his trailer truck, crushing him. He seeks workers' compensation payment from Griggs Trucking, and brings tort claims against International Paper.

International Paper claims that Griggs Trucking was fraudulently joined because

Ellington's complaint fails to state an actionable claim against Griggs Trucking. International Paper argues that Ellington has not met the pleading requirements to allege a workers' compensation claim, citing Ala. Code § 25-5-81 and § 25-5-88. Among other things, these statutes state that there must be a dispute regarding a workers' compensation claim before the controversy can be submitted to a court. Although International Paper argues that Ellington has not pled sufficient facts to show that any dispute exists, the court notes that Griggs Trucking responded to Ellington's complaint by filing an answer in state court which generally denies the claims made by Ellington. This suggests that a dispute does, in fact, exist between Ellington and Griggs Trucking regarding workers' compensation.

The other pleading requirements cited by International Paper as lacking in Ellington's complaint are just that: pleading requirements. International Paper has not shown that Ellington does not have a substantive claim against Griggs Trucking; it has simply shown that Ellington's complaint may contain pleading deficiencies under state law. International Paper's burden, however, is to show that there is not "even a colorable claim against the resident defendant," Pacheco de Perez, 139 F.3d at 1380. This court is required to resolve any doubts as to jurisdiction in favor of the plaintiff. In this case, it cannot conclude that International Paper has met the requirement of demonstrating that Ellington has no "*possibility* of stating a valid cause of action" against Griggs Trucking. Triggs, 154 F.3d at 1287.

With regard to defendant Griggs Trucking's Motion to Sever, the interest of judicial economy is best served if the court declines to sever the claims and instead remands all claims to state court. See Brooks v. Paulk & Cope, Inc., 176 F. Supp. 2d 1270, 1276 (M.D. Ala.

4

2001) (holding that where separate workers' compensation and tort claims arose out of "damages sustained as a result of the same alleged work-related incident," the claims involved "common questions of fact" and joinder was therefore appropriate). See also Priest v. Sealift Services Int'l, 953 F. Supp. 363 (N.D. Ala. 1997).

For the foregoing reasons, the court concludes that defendants have not met their burden of establishing fraudulent joinder. Accordingly, it is RECOMMENDED that:

(1) Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 6) be DENIED as MOOT;

(2) Plaintiff's Motion to Remand (Doc. # 7) be GRANTED;

(3) Defendant Griggs Trucking's Motion to Remand (Doc. # 14) be GRANTED;

(4) Defendant Griggs Trucking's Motion to Sever (Doc. # 14) be DENIED;

(5) This action be REMANDED to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Additionally, it is ORDERED that:

The parties shall file any objections to this Recommendation within a period of 13 days from the date this Recommendation is mailed or transmitted electronically to them. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. 1982). <u>See</u> <u>Stein v. Reynolds Securities, Inc.</u>, 667 F.2d 33 (11th Cir. 1982). <u>See also</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE, this 5th day of December, 2005.

                      /s/ Susan Russ Walker
                      SUSAN RUSS WALKER
                      UNITED STATES MAGISTRATE JUDGE