IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERNEST ELLINGTON, JR., | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: 3:05cv767 |
| | ) |
| HOWARD GRIGGS TRUCKING INC.; | ) |
| INTERNATIONAL PAPER COMPANY, ET AL., | ) |
| | ) |
|     Defendants. | ) |

**INTERNATIONAL PAPER COMPANY'S OBJECTIONS
TO RECOMMENDATION OF THE MAGISTRATE JUDGE**

International Paper Company ("IPCo") respectfully submits this objection to the Report and Recommendation of the Magistrate Judge entered December 5, 2005 ("Magistrate's Report"). The Magistrate Judge's report primarily addresses issues raised by plaintiff's motion to remand although the Magistrate Judge has made recommendations on all pending motions.[1] It is respectfully submitted that while the vast majority of the Magistrate Judge's Report and recommendation is correct and well reasoned, one critical oversight (or possibly a misinterpretation of Alabama's Workers' Compensation Act) has led to a recommendation to remand the case, which would deprive IPCo of its absolute right to trial in federal court based on the pleadings at the time of removal.

---

[1] Those other motions are Plaintiff's Motion for Leave to File Amended Complaint, and Defendant Griggs Trucking's Motion to Remand or In The Alternative To Sever.

## I.  Procedural Background

Plaintiff filed this action on July 8, 2005 in the Circuit Court of Macon County, Alabama.  The case was timely removed by IPCo.  Plaintiff then filed a motion to remand and a contemporaneous motion for leave to amend the complaint. Thereafter, the only other named defendant, Griggs Trucking, filed a motion to remand or in the alternative to sever.  That motion is of little import on the remand issue because if Griggs Trucking is not fraudulently joined, then the case is due to be remanded; if the pleadings at the time of removal do evidence fraudulent joinder, then Griggs Trucking is due to be dismissed (probably without prejudice so plaintiff would not be barred from asserting a valid cause of action later).

## II.  Objection

As set out in the Magistrate's Report, the Complaint does contain some allegations pertinent to a workers' compensation claim in the only count presented against Griggs Trucking (the only non-diverse defendant).  In fact, however, under Alabama law an employer's obligations under the Workers' Compensation Act may be satisfied without a suit ever being filed. Many workers get hurt, get paid by their employers under the Workers' Compensation Act, and never file a lawsuit because they are never owed any benefits beyond those voluntarily paid by the employer (*i.e.*, the employee has nothing to sue for).

IPCo contends that based on the Complaint (the only pleading at the time of the removal) and the explicit pleading requirements of the Workers' Compensation Act, the only possible conclusion is that plaintiff's complaint (a) as a matter of Alabama law does not state a claim under the Workers' Compensation Act, and (b) therefore evidences that plaintiff has (or had at the time of removal) no present intent to obtain a judgment against Griggs Trucking.

Perhaps most tellingly, plaintiff has never disputed IPCo's position and the proffered amended complaint did not include additional allegations that would meet the requirements of the Act. There can be no dispute about the Act's requirements and there is no possible argument these requirements have been met. The obvious explanation is that plaintiff could not assert the required allegations because they would not be true.

The critical oversight by the Magistrate Judge is that plaintiff's Complaint does not in fact "seek[] workers' compensation payment from Griggs Trucking" as stated in the Magistrate's Report at p. 3. The Magistrate Judge dismisses as a mere "pleading requirement" the requirement that a plaintiff describe the workers' compensation benefits he claims are due to him (*i.e.*, to actually describe the judgment he seeks). However, the missing allegations are critical and are exactly the allegations that would be made if a judgment were actually, currently, sought against Griggs.

Ala. Code § 25-5-88 requires that a complaint for workers' compensation benefits contain a full description of the injury, including its nature and extent, and:

> such other facts as may be necessary to enable the court to determine what, if any, compensation the employee or, in case of a deceased employee, his dependents are entitled to. . . .

Ellington's original complaint contains no description of his injuries except to describe an accident in which he was "pinned" between a forklift and a trailer causing "serious physical injuries to the person and body." (Complaint, paras. 9, 10). The proffered amended complaint (apparently not considered by the Magistrate Judge) would not have corrected that defect.[2] There is no allegation of facts from which a court could determine how much Ellington is entitled to because, IPCo submits, he is not claiming a current entitlement to anything.

This crucial pleading defect creates a proper inference about plaintiff's lack of intent to procure a judgment against Griggs Trucking. It also has dispositive ramifications for the jurisdictional analysis. Plaintiff's failure to ask for any actual judgment, or to allege any entitlement to benefits not paid by Griggs Trucking, dictates the conclusion that "there is no possibility that the plaintiff can prove a cause of action against

---

[2] Plaintiff's proffered amended complaint would have remedied the technical pleading defects identified in IPCo's notice of removal such as that Ellington's complaint was not verified and did not contain any allegation about his average wages.

4

the resident defendant" and that plaintiff has not stated "even a colorable claim" for workers' compensation benefits against Griggs Trucking. If he cannot even allege that he is owed any benefits, he certainly cannot have a cause of action.

The Magistrate Judge correctly stated the approach of the federal courts to jurisdictional issues, but here there is no "uncertainty" about state substantive law to be resolved in favor of plaintiff. The statute says exactly what allegations are required for a colorable workers' compensation claim and those required allegations are not present. It also appears that there is no dispute between plaintiff and IPCo about whether plaintiff actually sought benefits from Griggs Trucking in his lawsuit. IPCo has argued in its briefs that because the complaint says nothing about any failure by Griggs to pay benefits due, the only reasonable inference is that no judgment for benefits due is sought. Plaintiff has said nothing at all in response.

Notwithstanding the limited jurisdiction of federal courts, a plaintiff cannot defeat a diverse defendant's right to federal jurisdiction by, literally, simply naming an in-state party as a

defendant without actually seeking some recovery from the defendant.[3]

One additional point may merit comment. The Magistrate Judge notes that Griggs Trucking responded to the complaint by filing an answer (in state court) which generally denies plaintiff's claims. The Magistrate Judge concludes that "this suggests that a dispute does, in fact, exist between Ellington and Griggs Trucking regarding workers' compensation." First, that answer was filed after the case was removed and cannot properly be considered. Second, in its answer Griggs Trucking explicitly denies that plaintiff is entitled to benefits "over and above" those already paid. (Answer, para. 4). Even if this pleading is considered, it does not indicate that plaintiff seeks any judgment from Griggs Trucking, although it is entirely consistent with IPCo's position that there is no record evidence that as of the time of removal plaintiff had not been paid everything he was entitled to.

Joinder of a defendant is fraudulent where a plaintiff has no intent to recover a judgment. See <u>Mask v. Chrysler Corp.</u>, 825 F. Supp. 285 (N.D. Ala. 1993), aff'd; 29 F. 3d 641 (11th Cir. 1994); <u>Parks v. New York Times Col</u>, 308 F. 2d 474 (5th Cir. 1962). There

---

[3] Plaintiff did state in the proffered amended complaint an allegation that he has not reached any settlement with Griggs Trucking. Under the Workers' Compensation Act, however, an employer can voluntarily pay an injured employee everything he is entitled to and, when the employee recovers from the injury, reach a settlement (if any amounts are due for permanent disability compensation). The lack of a settlement is irrelevant to the question of whether any judgment is actually sought.

6

has to be "a real intention on colorable grounds to procure a joint judgment." Mask, at 288. See also Parks, at 478. Ellington is the master of his complaint, and of his amended complaint, and he has intentionally chosen not to allege colorable grounds for a judgment against Griggs Trucking because he chose not to allege "such other facts as may be necessary to enable the court to determine what, if any compensation" the employer is entitled to. Ala. Code § 25-5-88.

"The fraudulent joinder test -- whether a cause of action exists against the resident defendant -- is nothing more than a rough proxy" for the issue of whether that defendant was joined with the intent to defeat jurisdiction. "[T]he test obviates the need to look at the actual motive." Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150, 1154 (M.D. Ala. 1999). One of the ways that the Eleventh Circuit has recognized that joinder is fraudulent is if there is no possibility that the plaintiff can prove a cause of action against a resident defendant. Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11 Cir. 1998); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360, n.17 (11th Cir. 1996); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983).

IPCo submits that this is a clear instance of fraudulent joinder (as that term is used by the federal courts analyzing removal -- not necessarily in the inflammatory way that the word "fraudulent" is used in other areas). Though Count One of the

7

complaint recites that plaintiff "demands judgment," it would be impossible under state law for any judgment to be entered against Griggs Trucking based on the allegations of the complaint, or the amended complaint.

If plaintiff truly intended to obtain a judgment against Griggs Trucking he would have (a) set out allegations in the complaint which would enable the Court to determine how much he was entitled to, or (b) submitted an amended complaint which contained such allegations after IPCo pointed out that defect, or (c) made some assertion to this Court in support of the motion to remand describing the judgment he sought against Griggs Trucking. He has not done any of these things and that is because Griggs Trucking is fraudulently joined.

## CONCLUSION

For the reasons stated, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Defendant IPCo respectfully moves the Court to reject the Magistrate's Report and to deny plaintiff's motion to remand.

                                            s/Sandy G. Robinson_____
                                            **SANDY G. ROBINSON, ROBIS5756**
                                            **IAN D. ROSENTHAL, ROSEI6905**
                                            Attorneys for Defendant
                                            International Paper Company

OF COUNSEL:

**CABANISS, JOHNSTON, GARDNER**
**DUMAS & O'NEAL LLP**
63 South Royal Street, Suite 700
Post Office Box 2906
Mobile, Alabama  36652
Telephone:  (251) 415-7300
Facsimile:  (251) 415-7350
E-Mail:  sgr@cabaniss.com
         idr@cabaniss.com

## CERTIFICATE OF SERVICE

   I hereby certify that on **December 14, 2005**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>   Fred (Sr.) D. Gray
>   fgray@glsmgn.com
>
>   Stanley Fitzgerald Gray
>   sgray@glsmgn.com; graysf@aol.com
>
>   Joint Chambers
>   jointchambers@almd.uscourts.gov
>
>   David M. Wilson, Esquire
>   david@wilsonberryhill.com

>                 /s/Sandy G. Robinson_____
>                 Of Counsel